UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862**

## LETTER OPINION

Re:     *Robert A. Schultz, Jr. v. Credit Control, LLC*
          **Civil Action No. 2:18-cv-03474-CLW**

Counsel:

This letter opinion shall address a discrete question of law arising in connection with Plaintiff's consent motion seeking, *inter alia*, preliminary approval of the settlement of this class action (ECF No. 69). Because the Court finds no other issues with Plaintiff's motion, and because, as discussed below, the Court resolves the present question in favor of preliminary settlement approval, the Court will issue an order granting the motion.

By way of brief background, this action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* As relevant here, the FDCPA provides that

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . in the case of a class action, . . . such amount as the court may allow for all [unnamed] class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector . . . .

15 U.S.C. § 1692k(a)(2)(B). This provision raises a concern here because Defendant's net worth is $3.2 million and the proposed settlement amount is $36,000. *See* ECF No. 69-4 at ¶¶ 21, 23(a). As a result — and as conceded in the preliminary approval motion — "the maximum class award under the FDCPA is $32,000 and the class recovery under the Agreement is 112½% of that maximum." ECF No. 69-1 at 24. The Court accordingly directed (and has received) supplemental briefing concerning this matter. ECF No. 72.

The instant challenge arises from the fact that Section 1692k(a)(2)(B) "is ambiguous, because it does not indicate whether it applies only to an amount obtained by the class after adjudication (such as after a jury trial or non-jury bench trial) or whether it also applies to an amount distributed to the class as a result of a settlement agreement." *Good v. Nationwide Credit, Inc.*, 137 F. Supp. 3d 794, 799 (E.D. Pa. 2015). This ambiguity notwithstanding, having reviewed Plaintiff's supplemental brief and the applicable case law, the Court is satisfied that it may construe

the provision as capping damages specifically in instances of post-adjudication recovery, to the exclusion of cases (such as this one) resolved by way of settlement.

Starting with the language of the statute, the provision at issue limits the amount to which a debt collector "is liable". *See* 15 U.S.C. § 1692k(a).[1] This verbiage suggests applicability in scenarios where just that happens — debt collectors are held liable — as opposed to cases, like this one, where settlement is reached through agreement of the parties (particularly when — again, as here — the settling defendant disclaims liability). *See* ECF No. 69-4 at ¶ 45; *e.g.*, *Mansour v. Seas & Assocs., LLC*, 2016 U.S. Dist. LEXIS 192412, at *8 (D.N.J. Jan. 22, 2016) ("Had this matter proceeded as a contested matter and Plaintiff prevailed on all issues, the maximum recovery could have consisted of . . . the lesser of $500,000 or 1% of Defendant's net worth distributable to the Class . . . . Such relief could have been obtained only if Plaintiff . . . proved liability . . . ."); *cf. Lewis v. Allied World Specialty Ins. Co.*, 2023 U.S. Dist. LEXIS 98409, at *26 n.11 (S.D. Fla. June 6, 2023) (observing that "the law allows defendants to settle claims without any finding, admission, or final adjudication of liability") (citing, *e.g.*, *Robinson v. Kimbrough*, 652 F.2d 458, 465 n.9 (5th Cir. Aug. 3, 1981) ("[D]efendants rarely admit responsibility in suits terminated by consent judgments or voluntary action.") (emphases removed).

The policy behind the statutory cap also supports this construction. As stated by the Seventh Circuit in *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000),

> the primary purpose of the net worth provision is a protective one. It ensures that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages. . . . [T]he 1% of net worth limitation was designed to identify that portion of a company's assets which safely could be liquidated to satisfy an award of damages without forcing the breakup of that company . . . .

*Id.* at 1002 (citing *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 118 (5th Cir. 1975)). The fact that the cap is geared toward protecting debt collector defendants suggests that such parties should be permitted, should they wish, to waive these protections in the interest of settling an FDCPA lawsuit. *Cf. Hatch v. Merigold*, 119 Conn. 339, 343, 176 A. 266, 267 (1935) (parties "may waive a statutory requirement the purpose of which is to confer a private right or benefit") (citing cases); *see also Gregory v. McCabe, Weisberg & Conway, P.C.*, 2014 U.S. Dist. LEXIS 79795, at *30 (D.N.J. June 12, 2014) (finding "no clear deficiencies" in proposed settlement in which defendant "agreed to waive the damage limits prescribed by the FDCPA in return for the release" of the suit) (cleaned up).

Reflecting this liberality in interpreting the statute is that district courts routinely approve FDCPA settlement amounts exceeding the statutory cap. *See, e.g.*, *Mansour*, 2016 U.S. Dist. LEXIS 192412, at *8 (approving settlement amount "more than the maximum possible recovery under the FDCPA"); *Weissman v. Philip C. Gutworth, P.A.*, 2015 U.S. Dist. LEXIS 8543, at *5-6 (D.N.J. Jan. 23, 2015) ("Under the statute, Plaintiff would have received a maximum recovery of $1,000 plus any actual damages. 15 U.S.C. § 1692k(a)(2)(B). As it exceeds his potential statutory

---

[1] More generally but to the same point, Section 1692k is entitled "Civil liability".

recovery and compensates Plaintiff for his services on behalf of the class, the settlement agreement's $3,500 payment to Plaintiff appears preliminarily acceptable.") (citing *Gregory*, 2014 U.S. Dist. LEXIS 79795, as "approving similar excess payment to named Plaintiff");[2] *Smith v. Prof'l Billing & Mgmt. Servs.*, 2007 U.S. Dist. LEXIS 86189, at *7 (D.N.J. Nov. 21, 2007) (settlement amount exceeding 1% of defendant's net worth "certainly puts the parties' settlement within a reasonable range").

*Good* stands alone on the other side of the ledger. The court there disagreed with the notion "that Congress intended for the statutory damages cap to apply only to awards obtained after trial, and not to settlements, particularly when a substantial number--if not the majority—of FDCPA class actions are resolved through settlement." *See* 137 F. Supp. 3d at 801.

For two reasons, the Court will respectfully depart from *Good* and align itself with the balance of the case law referenced above. Initially and as noted, *Good* is the only case of which the Court is aware where a court refused to approve a settlement exceeding the statutory cap.[3] More substantively, *Good* observed that as the cap was "arrived at through the pull and tug of the legislative dance among stakeholders and legislators", permitting a settlement in excess thereof "would frustrate the congressional purpose of protecting debt collectors from outcomes that might force them out of business." *See id. Good* harbored this concern even in instances where defendants voluntarily agree to a settlement exceeding the cap:

> Arguably, a defendant who voluntarily agrees to a settlement above the statutory cap--such as Defendant in this case--does not believe that it needs protection. Regardless, busting the cap in any one case places all FDCPA debt collector defendants in jeopardy, because plaintiffs in other FDCPA class actions, armed with settlement figures in cases in which the statutory cap was busted, will rely on these cases as a negotiating tool to leverage recovery beyond the cap. Accordingly, a brightline rule banning all payouts above the statutory cap--regardless of whether those payouts are achieved by adjudication or by settlement--is necessary to preserve the congressional goal of limiting the amount of damages debt collectors must pay for violations of the FDCPA.

*Id.* at n.7.

Although this is a fair consideration, the Court does not believe it should carry the day. First and as noted, the statute's use of the word "liable" suggest that settlements fall outside the

---

[2] The *Weissman* court later granted final settlement approval, noting in the context of a *Girsh* analysis that "[b]ecause Defendants have represented that $4,400 is more than 1% of their net worth, the settlement here awards class members more than would be available to them after trial." *Weissman v. Philip C. Gutworth, P.A.*, 2015 U.S. Dist. LEXIS 67477, at *14 (D.N.J. May 26, 2015) (citation omitted).

[3] Even *Good* recognized as much. *See* 137 F. Supp. 3d at 801 n.6 (citing cases in recognition "that other courts within the Third Circuit have approved settlement agreements in FDCPA class actions that provided for a greater payout to the class than the court could permit were the class to prevail at trial").

cap's reach, and the Court must defer to such statutory language notwithstanding opposing policy concerns. *Cf. Kaye v. Blue Bell Creameries, Inc. (In re BFW Liquidation, LLC)*, 899 F.3d 1178, 1193 (11th Cir. 2018) ("Our interpretation of the language of the statute obviously trumps any opposing policy argument."). And even if the Court would defer to policy arguments, there is a compelling one to be made in favor of the present conclusion; namely, the strong federal policy favoring settlement of disputes. Interpreting the statute in a manner that permits debt collector defendants the latitude to resolve lawsuits for sums exceeding the statutory cap serves this goal and will result in more FDCPA matters being resolved amicably.

For the reasons stated, the Court finds the parties' proposed settlement sum proper despite exceeding the FDCPA's statutory cap. Finding the remainder of the settlement proposal without issue, the Court will issue an order granting preliminary settlement approval and related relief.

Dated: March 14, 2024

*s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.