**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ROBERT A. SCHULTZ, JR.,** | Civil Action No. 18-3474 |
| Plaintiff, | Hon. Cari Fais, U.S.M.J. |
| v. | **OPINION** |
| **CREDIT CONTROL, LLC**, and **JOHN DOES 1 to 10,** | |
| Defendants. | |

**CARI FAIS, United States Magistrate Judge**

This matter comes before the Court on a Motion to Dismiss filed by Defendant Credit Control, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(1) seeking to dismiss Plaintiff Robert A. Schultz, Jr.'s ("Plaintiff") class action complaint ("Complaint"). (Dkt. No. 103). The Court decides the Motion to Dismiss without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. Having considered the parties' written submissions, and for the reasons set forth below, the Court finds that Plaintiff lacks Article III standing to bring his Fair Debt Collection Practices Act ("FDCPA") claims. Therefore, Defendant's motion is **GRANTED,** and the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

The Court writes for the parties and includes only the facts pertinent to its decision. This case arises out of an attempt by Defendant to collect a debt owed by Plaintiff.[1]  Seeking to recover a $517.14

---

[1] For purposes of the Motion to Dismiss, the Court "accept[s] the facts alleged in the complaint as true and constru[es] the complaint in the light most favorable to the non-moving party." *Potter v. Cozen & O'Connor*, 46 F.4th 148, 153 (3d Cir. 2022).

financial obligation, Defendant mailed a collection letter to Plaintiff on March 12, 2017. (Compl. ¶ 21, Dkt. No. 1). The collection letter provided that:

> Because of interest, late charges[,] and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay[] may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

(*Id.* ¶ 24; Collection Letter at 2). Contrary to the statements contained in the letter, at no time after March 12, 2017 did Defendant or the creditor add "interest" or "other charges" to the accounts. (*Id.* ¶ 25). Plaintiff alleges that the statements were misleading and harmed Plaintiff by causing uncertainty as to the amount allegedly owed to the creditor and uncertainty regarding the accrual of additional interest. (*Id.* ¶ 27). On March 12, 2018, Plaintiff filed this putative class action alleging that Defendant violated several provisions of the FDCPA by sending Plaintiff and other consumers debt collection letters that misleadingly threatened interest and fees. (*See id.* ¶¶ 42-50).

The parties entered into a class settlement agreement on August 9, 2019. (*See* Def.'s Br. at 3, Dkt. No. 103-1). After the Defendant's net worth came into question,[2] Plaintiff conducted confirmatory discovery on Defendant's financial statements as permitted by the parties' settlement agreement. (*See* Pl.'s Br. at 3-4, Dkt. No. 110). Following this additional discovery, Plaintiff contested Defendant's net worth and sought to renegotiate the terms of the settlement agreement. *Id.* The parties then executed an amended class action settlement agreement (the "Amended Agreement"), and on March 15, 2024 the Court granted Plaintiff's Motion for Preliminary Approval of the Amended Agreement. (Def.'s Br. at 4, Dkt. No. 103-1; Pl.'s Br. at 5, Dkt. No. 110). On July 22, 2024, Plaintiff moved for final approval of the Amended Agreement and attorney's fees and costs. (Dkt. No. 75). Defendant contested Plaintiff's fee request as unreasonable, and the Court postponed final approval of

---

[2] Class recovery under the FDCPA is capped at the lesser of 1% of the defendant's net worth or $500,000. *See* 15 U.S.C. § 1692k(a)(2)(B).

the class settlement to resolve the issue of attorney's fees.  (Def.'s Br. at 4, Dkt. No. 103-1).  While the parties continued to litigate and negotiate attorney's fees, Defendant raised for the first time the issue of Plaintiff's Article III standing and notified the Court of its intention to contest the Court's jurisdiction.  (Dkt. No. 102).  On August 29, 2025, Defendant moved to dismiss the Complaint for lack of jurisdiction.  (Dkt. No. 103).

## II.    LEGAL STANDARD

The judicial power of federal courts "extends only to 'Cases' and 'Controversies,'" pursuant to Article III, Section 2 of the Constitution.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const., art. III, § 2).  For a case or controversy to exist, "the plaintiff must have a personal stake in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation modified).

To establish Article III standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *Id.*  The only element at issue here is the requirement that the plaintiff allege a concrete injury.  *See McQueen v. Credit One Bank, N.A.*, 769 F. Supp. 3d 321, 324 (D.N.J. 2025).

A concrete injury is one that is "real, and not abstract."  *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023) (citation modified).  Traditional tangible harms, such as a physical or monetary injury, qualify as concrete injuries.  *TransUnion,* 594 U.S. at 425.  But "intangible harms can also be concrete," such as "reputational harms, disclosure of private information, and intrusion upon seclusion," as well as "harms specified by the Constitution itself."  *Id.*  To determine the "concreteness" of intangible injuries, the Court looks to "whether the asserted harm has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts."  *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 145 (3d Cir. 2024) (citation modified).  A plaintiff is not relieved of

3

the obligation to establish standing simply because the defendant has violated a federal law. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427 (emphasis in original).

### III.    DISCUSSION

Defendant argues that Plaintiff's Complaint fails to allege a concrete injury. (Def.'s Br. at 7-10, Dkt. No. 103-1). Plaintiff responds by pointing to the Complaint's allegations that the collection letter's misleading statements "caused Plaintiff and other consumers to be uncertain as to the amount allegedly owed . . . and uncertain as to how much additional interest would continue to accrue." (Pl.'s Br. at 7-8, Dkt. No. 110). According to Plaintiff, this uncertainty constitutes a concrete intangible harm because it might impact a consumer's behavior. (*Id.* at 8) ("They *might*, for example, forgo paying other essential bills to satisfy a debt they wrongly believe is escalating, or they *might* be deterred from disputing the debt for fear of incurring additional charges." (emphasis added)).

The Third Circuit has held that "the mere receipt of a misleading statement, or even confusion, without any further consequence," does not confer standing. *Huber*, 84 F.4th at 148. It is the harm resulting from that confusion that is traditionally recognized as providing a basis for a fraudulent misrepresentation claim. *Id.* at 148-49. To satisfy Article III, a plaintiff must point to some injury that followed from reliance on a misrepresentation because "confusion, without more, is not a concrete injury." *Id.* at 149. Here, Plaintiff alleges that he and other consumers received a misleading letter that caused uncertainty. But the Complaint contains no allegations that he or other consumers relied on the letter in any way or suffered harm as a result of their uncertainty. Plaintiff suggests that consumers *could have* been injured by altering their behavior in some way, but he does not claim that such injuries *actually* occurred. (*See* Pl.'s Br. at 8, Dkt. No. 110). These hypothetical injuries are not sufficient to establish standing. *See TransUnion*, 594 U.S. at 423 ("Under Article III, federal courts do not

4

adjudicate hypothetical or abstract disputes."); *Huber*, 84 F.4th at 149 ("The mere risk that a plaintiff who receives a misleading letter from a debt collector will suffer such a cognizable injury is too speculative to support Article III standing." (citation modified)).

Plaintiff points out that Congress enacted the FDCPA to eliminate abusive debt collection practices, and that the judgment of Congress is "instructive" when evaluating the alleged intangible harms here. (*See* Pl.'s Br. at 6, Dkt. No. 110). While Plaintiff's Complaint does assert that Defendant violated the FDCPA, this alleged statutory violation alone, divorced from a concrete injury, does not confer standing. *See Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."); *see also Winter v. Resurgent Cap. Servs. L.P.*, No. 22-772, 2023 WL 3431215, at *4 (D.N.J. May 12, 2023) (granting motion to dismiss where plaintiff failed to allege injury beyond statutory violations of the FDCPA).[3]

Because the uncertainty caused by Defendant's collection letter does not amount to a concrete injury, the Court concludes that Plaintiff lacks Article III standing and that the Court lacks subject matter jurisdiction. The Court will therefore dismiss the Complaint without prejudice. Plaintiff will be given an opportunity to file an Amended Complaint to remedy the deficiency.

---

[3] Plaintiff also takes issue with the timing of this motion. He argues that Defendant raising a jurisdictional challenge seven years into this litigation when faced with a fee award that it contests is a "tactical ploy." (Pl.'s Br. at 8, Dkt. No. 110). But Plaintiff also concedes that subject matter jurisdiction cannot be waived and may be raised at any time. (*Id.*). He is right. Standing is a jurisdictional requirement that cannot be waived and may be asserted at any stage in the litigation. *See TransUnion*, 594 U.S. at 422 (evaluating standing post-verdict); *Frank v. Gaos*, 586 U.S. 485, 492 (2019) ("We have an obligation to assure ourselves of litigants' standing under Article III . . . . That obligation extends to court approval of proposed class action settlements."); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The question of standing is not subject to waiver."). In short, the timing of this motion is no reason to ignore Plaintiff's lack of standing.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of standing. An appropriate Order follows.

Dated: March 31, 2026

*/s/ Cari Fais*
Hon. Cari Fais
United States Magistrate Judge